UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:17-165 |
| | § | |
| MARQ VINCENT PEREZ | § | |

**UNITED STATES' MOTION TO DISCLOSE
DISCOVERABLE MATERIAL PURSUANT TO PROTECTIVE ORDER**

The United States of America through Abe Martinez, Acting United States Attorney, and Sharad S. Khandelwal and Eun Kate Suh, Assistant United States Attorneys, and respectfully moves that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, permit the disclosure of discoverable information pursuant to a protective order restricting disclosure.

The voluminous discovery materials in this case contain, among other things, information regarding witness names (including juveniles), photographs and videos of witnesses (including juveniles), social security numbers, addresses, birth dates, and other information which, if disclosed, could lead to the harm of witnesses or witness family members. If disclosed, the release of information included in the discovery materials would likely impair law enforcement efforts in this on-going grand jury investigation.

**I.**

1.	On March 23, 2017, a grand jury indicted the Defendant on one count of Possession of an Unregistered Destructive Device, in violation of 26 U.S.C. § 5841, 5845, 5861(d) and 5871, for his involvement in an attempt to set a car on fire in Victoria, Texas, on or about January 15, 2017.

2.	At the detention hearing on March 9, 2017 (following the Defendant's arrest on a Complaint on March 4, 2017), the United States presented evidence of the Defendant's

involvement in this crime as well as his involvement in (a) a series of criminal vandalism incidents that occurred in Victoria, Texas, from on or about August 2016 through January 2017, which led up to the Defendant's attempt to set a car on fire on or about January 15, 2017 in Victoria, Texas; (b) the Defendant's involvement in the burglary of a mosque in Victoria, Texas on or about January 22, 2017; and (c) the Defendant's involvement in the burglary and arson of that mosque in Victoria, Texas, on or about January 28, 2017.

3. After the hearing, the Hon. B. Janice Ellington, U.S. Magistrate Judge, detained the Defendant, concluding that "[t]he evidence against the Defendant is substantial." (Docket 5 at 1). Judge Ellington also noted that the Defendant's "involvement in a hate crime [is] presently being investigated" by law enforcement. (Docket 5 at 1). In her Order, Judge Ellington also noted "the retaliatory nature of the facts surrounding his possession and use of an unregistered destructive device in the instant case," the Defendant's "possession of loaded firearms out in the open," and that "witnesses against him may be in danger if he is released." (Docket 5 at 1-2).

4. The grand jury is continuing its investigation of the Defendant and his involvement in these crimes. That investigation is extensive, ongoing, and not yet complete. However, the United States does anticipate that the grand jury may issue one or more Superseding Indictments related to these different events as that investigation proceeds.

5. On or about April 5, 2017, counsel for the Defendant contacted counsel for the United States concerning discovery. As indicated on the Defendant's subsequently filed motion for discovery (Docket 18 at 4), the United States is not opposed to this motion and is ready to begin the process of providing discovery to the Defendant as soon as practicable.

**II.**

The United States expects discovery in this case will be voluminous and be of a sensitive nature. Some of this evidence concerns witnesses – some of whom are juveniles, and some of

whom the Defendant has "retaliat[ed]" against in the past, as Judge Ellington noted in her Detention Order. Accordingly, to ensure their safety and to avoid impairing law enforcement efforts in this on-going grand jury investigation, the United States requests the Court enter a Protective Order containing the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure):

    A.  Discovery materials and all copies thereof should be protected from unnecessary dissemination.

    B.  Such discovery materials provided by the United States should be utilized by the Defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

    C.  Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the Defendant, Defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure.

    D.  Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

    E.  Defendant's counsel should not provide copies of these discovery documents to the Defendant nor any other person except where found by the court in writing to be absolutely necessary to prepare or assist in the defense.

F.  Defendant's counsel should inform the Defendant of the provisions of the Protective Order, and direct him not to disclose or use any information contained in the government's discovery in violation of the Protective Order.

G.  All discovery and all copies of same shall be returned to the United States Attorney's Office following disposition of the case, except where an appeal is anticipated.

H.  This protective order applies to any subsequent discoverable material provided to the Defendant, except for the Defendant's own statement.

I.  However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

### III.

The United States is in the process of gathering and bates labelling discovery in connection with this case.  Discovery in this case is voluminous.  For example, the United States has already identified over 14,000 documents or items in connection with this case, which consists of approximately 67 gigabytes of data.  Assuming the Court enters the proposed Protective Order (which will eliminate the need for a majority of redactions and will speed the process of production), the United States respectfully proposes that the Court order that the United States produce the first round of discovery in connection with this case by **Friday, April 21, 2017**.  The United States anticipates that this first round of discovery will consist of approximately 14,000 documents or items.

Given the ongoing nature of this investigation, coupled with the fact that the grand jury and law enforcement is still in the process of gathering evidence through search warrants and grand jury subpoenas, the United States anticipates additional discovery will be obtained and produced as the investigation continues.  Accordingly, the United States respectfully proposes that the Court

order the United States comply with its discovery obligations under Rule 16 on a rolling basis and in good faith.

**WHEREFORE**, the United States respectfully requests this Court permit disclosure consistent with the above requests.

>Respectfully submitted,
>
>ABE MARTINEZ
>Acting United States Attorney
>
>By:   */s/ Sharad S. Khandelwal*
>SHARAD S. KHANDELWAL
>EUN KATE SUH
>Assistant United States Attorneys
>U.S. Attorney's Office, S.D. Texas
>Tel: (713) 567-9000

## Certificate of Service

I certify that, on the date this was filed with the Court, a copy of this foregoing was provided to counsel for defendant via ECF.

>*/s/ Sharad S. Khandelwal*
>SHARAD S. KHANDELWAL
>Assistant U.S. Attorney

## Certificate of Conference

I certify that undersigned counsel for the United States has contacted counsel for the defendant regarding this motion, by email and by voicemail message, on April 6, 2017, April 10, 2017, April 11, 2017, and April 12, 2017, to determine his position on this motion. On April 12, 2017, counsel for the defendant indicated he is opposed to this motion.

>*/s/ Sharad S. Khandelwal*
>SHARAD S. KHANDELWAL
>Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. 4:17-165 |
| | § | |
| **MARQ VINCENT PEREZ** | § | |

### ORDER PERMITTING DISCLOSURE OF DISCOVERABLE DOCUMENTS PURSUANT TO PROTECTIVE ORDER

Upon Consideration of the Government's motion permitting disclosure of discoverable documents pursuant to a protective order,

**IT IS ORDERED** that the United States produce initial discovery in connection with this case by Friday, April 21, 2017.

**IT IS FURTHER ORDERED** that the United States produce subsequent discovery on a rolling basis and in good faith.

**IT IS FURTHER ORDERED** that all discoverable information provided by the United States to counsel for the above named Defendant in the above numbered cause be made pursuant to this protective order (when the term "defendant" is used, said term encompasses an attorney for the defendant, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure):

A.  Discovery materials and all copies thereof should be protected from unnecessary dissemination.

B.  Such discovery materials provided by the United States should be utilized by the Defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C.  Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or

entity other than the Defendant, Defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure.

D. Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

E. Defendant's counsel should not provide copies of these discovery documents to the Defendant nor any other person except where found by the court in writing to be absolutely necessary to prepare or assist in the defense.

F. Defendant's counsel should inform the Defendant of the provisions of the Protective Order, and direct him not to disclose or use any information contained in the government's discovery in violation of the Protective Order.

G. All discovery and all copies of same shall be returned to the United States Attorney's Office following disposition of the case, except where an appeal is anticipated.

H. This protective order applies to any subsequent discoverable material provided to the Defendant, except for the Defendant's own statement.

I. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

Dated this _____ day of _____, 2017.

_____
HON. NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS