UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. 4:17-165 |
| § | |
| MARQ VINCENT PEREZ § | |

**DEFENDANT'S OBJECTIONS TO UNITED STATES' MOTION TRANSFER TO VICTORIA DIVISION**

The Defendant objects to the transfer of this case to the Victoria Division, for the following reasons:

1. The United States asserts that this case "concerns a series of crimes that took place in Victoria and a grand jury in Victoria is currently conducting an ongoing investigation into these matters."

2. A Criminal Complaint was filed on 3/4/17 and signed by the United States Magistrate Judge, B. Janice Ellington for the Corpus Christi Division on 3/4/17.  The Defendant was indicted for possession of an "unregistered firearm, to wit a destructive device" on March 23, 2017.

3. The Defendant appeared in an initial appearance before B. Janice Ellington, U.S. Magistrate Judge for the Corpus Christi Division on 3/6/17.  The Defendant appeared in a Preliminary Examination and Detention Hearing on 3/9/17. The Hearing lasted about two hours, and the AUSA introduced ten exhibits, and three Assistant United States Attorneys attended.  A Memorandum and Opinion and Order of Detention was issued by Magistrate Judge Ellington on 3/9/17.  Magistrate Judge Ellington has already heard relevant matters regarding the case or cases and matters involving the detention of the defendant.  The defendant intends to move for a bond at a later date

1

and the Magistrate Judge Ellington could take Judicial notice of the hearing on 3/9/17 without there being a necessity for the lengthy hearing. The Defendant entered an initial appearance in court on March 30, 2017. The Defendant has made three appearances in the Corpus Christi Division on this case.

4. The Victoria news media, including a local television, was aware on 3/9/17 that the case involved the allegations that the Defendant was involved in the Mosque destruction, however, the defense counsel was unaware. The Defendant did not notify the news media that such allegations existed as they had no knowledge that this was an allegation. The Defendant therefore reasonably believes that the United States Attorney or Federal Law enforcement officials notified the media in Victoria to make a fair trial in Victoria more difficult. The Defendant asserts that the news media in Victoria has been involved in a campaign of biased news coverage against the Defendant. The Defendant is more likely to receive a fair trial in the Corpus Christi Division.

5. The Defendant retained Mark A. Di Carlo, who lives and practices in Corpus Christi, Texas on 3/8/17 who understood the case was being prosecuted in Corpus Christi, Texas. The Defendant has retained Mark A. Di Carlo, while the Assistant United Sates Attorney are employed by the government, who has seen fit to have three lawyers involved in the case; therefore, money appears to be no object for the United Sates Attorney.

6. The Defendant concedes that the Defendant worked and resided in Victoria, as do many of the alleged witnesses in the case.

7. At present there is one simple and straightforward case, but the United States requests a transfer based upon speculative cases which have not been indicted. In the instant

case the Defendant has filed a Motion for discovery an inspection as per the "Pretrial Order and Ellis Order" entered on March 31, 2017 from the United States District Judge for the Southern District of Texas Corpus Christi Division.  This is the second order signed in the Corpus Christi Division.  The final Pretrial Conference is set for April 23, 2107, nine day from the day that the Motion to Transfer was filed.

8. The United Sates admits that they presented the Complaint in this case to Judge Ellington, on Saturday, April 4, 2017and  Judge Ellington signed the Complaint that day (Docket #1).

9. The United States admits that at detention hearing in Corpus Christi, Texas, "the United States presented evidence of the Defendant's involvement in this crime as well as his involvement in (a) a series of criminal vandalism incidents that occurred from on or about August 2016 through January 2017 in Victoria, Texas, which led up to the Defendant's attempt to set a car on fire on or about January 15, 2017, also in Victoria, Texas; (b) the Defendant's involvement in the burglary of a mosque on or about January 22, 2017 in Victoria, Texas; and (c) the Defendant's involvement in the burglary and arson of that same mosque on or about January 28, 2017, in Victoria, Texas."   The Magistrate Judge in Corpse Christi heard this evidence and is familiar with the case, in its alleged entirety.

10. The United States states that "On March 23, 2017, a grand jury in Houston, Texas, indicted the Defendant on one count of Possession of an Unregistered Destructive Device, in violation of 26 U.S.C. § 5841, 5845, 5861(d) and 5871. 6. The United States initially presented this case to the Houston grand jury because it had evidence of other persons, located in Houston, might be involved in this criminal conspiracy and hate crime."

11. The Defendant has no belief as to the accuracy as to that unsubstantiated statements and is of the opinion, that the United States was forum shopping for a most favorable forum for them in Houston, and the least convenient forum for the Defendant and his counsel.

12. The United States states that they "now believes that that particular investigative lead is close to completion, and anticipates that all further grand jury action in this case will be conducted by the grand jury in Victoria, Texas."

13. The United States vaguely their investigation is "extensive and ongoing and not yet complete" but does not state in what manner it is extensive and what needs to be done.

14. The United States states that "On Friday, March 24, 2017, counsel for the Defendant filed a motion to transfer. In this motion, the Defendant asked the court to transfer the case to "the Federal District Court in Victoria, Texas or in Corpus Christi, Texas."" (Docket #13 at 1). In his motion, counsel for the Defendant noted he had discussed this matter with the prosecutor in this case and that the prosecutor had indicated that "the location transfer may be possible at a later date." 10. On Tuesday, March 28, 2017, before the United States was able to file its response to the Defendant's motion, the assigned court in Houston ordered the case be transferred to the Corpus Christi Division. (Docket #15)."

15. The Defendant's Motion was actually a "Defendant's Objection to Transfer to Houston Division Or Motion to Transfer to Corpus Christi or Victoria division."

16. The Defendant asserts that there is an unresolved legal issue which the defendant has not had time to brief, that is can a case which originated in Corpus Christi, and was transferred back to Corpus Christi by a United States District Judge in the Houston

Division, be transferred to the Victoria Division.  Assuming that the court has authority to transfer a case after it has already been transferred it brings up matters of violation of procedural due process of law by the United States.

17. In addition, Federal Rule of Criminal Procedure 18 states: "The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."  The convenience of the Defendant and the prompt administration of justice dictate that the case should be held in Corpus Christi.  If the United States desires a continuance of this case, they should request a continuance of the case and not move it from a place where is has been moved back to and request it then be moved from Corpus Christi to Houston to Victoria.

18. The United States states: "The Court may be concerned by the United States' decision originally to present this case to a grand jury in Houston, Texas for the Original Indictment, as opposed to the grand jury in Victoria. Although the United States is barred by Rule 6(e) of the Federal Rules of Criminal Procedure to explain in this public document the exact evidence that led to this decision, the United States is prepared to present in camera or file a sealed ex parte explanation as to the evidence that led to this decision and the current state of that evidence which is pending before the grand jury. In any event, the United States submits that this decision was made in good faith, and notes that when counsel for the United States was asked by defense counsel of a motion to transfer the case from Houston, counsel for the United States readily agreed that a transfer was likely necessary in the future."

19. Defense Counsel disagrees that the Assistant United States stated that a "transfer was likely necessary in the future". Defense counsel recalls that he was told something like a transfer may be considered by the United States at a later date.

20. The Defendant does not desire to engage in further protracted legal proceedings such as attending an in camera inspection or a reading a sealed ex parte explanation and responding to the matter. The Defendant notes that no such information was provided to the court to date under seal in support of this Motion to Transfer.

21. The United States chose, Corpus Christi, and then chose Houston, and now chooses Victoria as its forum of choice. The United States is acting in a highly irregular manner. The United States moved for the detention of the Defendant, primarily on matters unrelated to the pending indictment, and is now causing prolonged delays in this case for specious reasons.

**WHEREFORE**, the Defendant respectfully requests this Court maintain jurisdiction over this case because: 1) The United States Chose this District; 2) Matters and hearings were held in this District; 3) This is a convenient district for the defendant; 4) Moving the case would cause unnecessary delays; 5) The Defendant has made three appearances in the Corpus Christi Division on this case; 6) A United States District Court Judge in Houston transferred this case to the Corpus Christi Division; 7) There have been two orders from this court regarding this case; 8) The Defendant has received unfavorable and prejudicial publicity in Victoria, which is apparently caused by the actions of the United States; 7) The Defendant has appeared in Corpus Christi on three occasions; 8) The maintenance of this case in Corpus Christi is more in accord with Fed. R. of Crim. Pro. 18 as it is in due regard for the convenience of the defendant and the prompt administration of justice.

Respectfully submitted,

Mark A. Di Carlo
ATTORNEY FOR DEFENDANT

By:   */s/ Mark A. Di Carlo*
MARK A. DI CARLO
Attorney for the Defendant
La Solana Bldg.
722 Elizabeth St.
Corpus Christi, TX  78404
(361) 888-6968
FAX (361) 887-6410
SBN: 05912510
FBN: 6839

**Certificate of Service**

I certify that, on the date this was filed with the Court, a copy of this foregoing was provided to counsel for defendant via ECF.

*/s/ Mark A. Di Carlo*
MARK A. DI CARLO

**Certificate of Conference**

I certify that undersigned counsel for the Attorney for Defendant  and I have conferred about his motion to transfer and the Defendant's opposition.

*/s/ Mark A. Di Carlo*
MARK A. DI CARLO