UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 6:17-35 |
| § | |
| MARQ VINCENT PEREZ, § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Defendant Marq Vincent Perez is charged with: (1) Hate Crime – Damage to Religious Property under 18 U.S.C. § 247(a)(1) for using a dangerous weapon, explosive, or fire to destroy the Victoria Islamic Center; (2) Use of Fire to Commit a Federal Felony under 18 U.S.C. § 844(h), in connection with the arson of the Victoria Islamic Center; and (3) Possession of an Unregistered Destructive Device under 26 U.S.C. §§ 5841, 5845, 5861(d), 5871, and 18 U.S.C. § 2, in connection with his alleged attempt to set fire to a car. Now pending before the Court are Defendant's Motion and "Amended Motion to Suppress and/or Motion to Quash and/or Motion to Return Property: Search and Seizure Warrant; All Items Searched Pursuant to the Warrant; All Evidence from the Search; All Items Seized" (D.E. 58, 62), to which the Government has responded (D.E. 59, 64).

**I. Motion to Suppress/Quash/Return Property**

Defendant complains that "material facts were suppressed from the search and seizure warrant" signed by Magistrate B. Janice Ellington on March 2, 2017, including: "(1) What is the contraband? (2) What is the evidence of a crime? (3) What is the alleged crime? [and] (4) What is the probable cause for a warrant to issue?" D.E. 62, p. 1. According to Defendant, "Affidavits A and B" attached to the search warrant are "bare bones" and "do not contain facts and circumstances from which an officer may rely in good faith on the warrant's validity." *Id.* p. 2.

1

**I. Legal Standard**

"The good faith exception to the exclusionary rule provides 'that evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible' even if the affidavit on which the warrant is grounded was insufficient to establish probable cause." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014) (quoting *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1977)). However, this exception does not apply if: "1) the issuing-judge 'was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth'; (2) the issuing-judge 'wholly abandoned his judicial role' in such a manner that 'no reasonably well trained officer should rely on the warrant'; (3) the underlying affidavit is 'bare bones' ('so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'); or (4) the warrant is 'so facially deficient . . . that the executing officers cannot reasonably presume it to be valid'." *United States v. Gibbs*, 421 F.3d 352, 358 (5th Cir. 2005) (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)). The initial burden of showing that the good faith exception to the exclusionary rule does not apply is on the defendant. *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017).

**III. Analysis**

Defendant refers to the attachments to the search warrant as "Affidavit A and B"; however, Attachment A is entitled "Description of Things to Be Searched," and Attachment B is entitled "Description of Evidence to be Searched for and Seized." D.E. 62-2, pp. 3, 5. Defendant did not submit with his motion to suppress/quash/return property the underlying affidavits upon which Magistrate Ellington relied in authorizing the search warrant.

Regarding the contraband sought during the search, Attachment B to the search warrant identifies the evidence to be searched for as follows: "Books, records, documents, or photographs . . . pertaining to the possession of destructive devices or explosives by PEREZ;" "[r]ecords that establish the person who has control, possession, custody or dominion over the property and vehicles searched;" "[m]aterials that include assembled improvised explosive devices, and unassembled components of these devices;" "12 gauge shotguns that are present in the residence;" "cell phones in the care custody or control of Marq Vincent PEREZ;" and "computers, laptops or tablets that could be used to connect to the internet." D.E. 62-2, pp. 5–6. A Receipt for Property and Other Items completed after the warrant was executed states that ATF agents seized: three firearms, including two 12-gauge shotguns; three laptop computers; an X-box; a cell phone; a document with Defendant's name; a pawn shop ticket; and various items that could be used to assemble a destructive device, including an unknown white power, light bulb with syringe, assorted fireworks, partial roll of electrical tape, and electrical tape fragments. D.E. 62-3, p 1.[1] All of these items fall within the scope of the search warrant, and Defendant has failed show that the warrant was so facially deficient that the executing officers could not presume it to be valid.

As for the identity of the alleged crime, evidence of the crime, and probable cause to issue the warrant, as stated *supra*, Defendant has failed to submit the application for search warrant and supporting affidavits. Without these documents, the Court is unable to determine whether the affidavits upon which the warrant was grounded were "bare bones", contained false or incomplete information, or were otherwise insufficient to establish probable cause.

---

1. Defendant states that he could not locate an inventory of the items searched and seized; however, the ATF's Receipt for Property was attached as an exhibit to Defendant's motion.

**IV. Conclusion**

For the reasons set forth herein, Defendant's Motion and Amended Motion to Suppress and/or Motion to Quash and/or Motion to Return Property: Search and Seizure Warrant; All Items Searched Pursuant to the Warrant; All Evidence from the Search; All Items Seized (D.E. 58, 62) are **DENIED**.

It is so **ORDERED** this 7th day of February, 2018.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE