United States District Court
Southern District of Texas
**ENTERED**
June 27, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:17-35(S) |
| | § | |
| MARQ VINCENT PEREZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Marq Vincent Perez' *Daubert* Objections and Federal Rule 702 and 703 Objections (D.E. 97), to which the United States of America (the "Government") responded (D.E. 102). Defendant objects to all of the Government's expert witnesses and their expert reports on the grounds that all constitute inadmissible expert scientific testimony under *Daubert v. Merrell Dow*, 509 U.S. 579 (1993). The Court will construe Defendant's filing as a motion to strike the Government's expert witnesses and their reports.

A hearing on Defendant's motion was held May 2, 2018.

## I. Legal Standard

Federal Rule of Evidence 702 states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." As a threshold matter, the trial judge must determine whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999); *Daubert*

*v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). A district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid [the reliability criterion] and of whether the reasoning or methodology can be applied to the facts at issue [the relevance analysis]." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) (quoting *Daubert*, 509 U.S. at 592–93). The district court's responsibility is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

"[A]n expert is permitted wide latitude to offer opinions, including those that are not based on first hand knowledge or observation." *Daubert*, 509 U.S. at 592. The Fifth Circuit has stated that when exercising discretion, "the district court may exclude expert testimony that lacks an adequate foundation." *Sales, Inc. v. E.I. du Pont de Nemours & Co.*, 24 F.3d 747, 752 (5th Cir. 1994). "[I]n determining the admissibility of expert testimony, the district court should approach its task 'with proper deference to the [factfinder's] role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [factfinder's] consideration." *United States v. 14.38 Acres of Land, More or*

*Less Sit. in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

## II. Analysis

### A. John Jacobson

John Jacobson is an expert witness on firearm and toolmark examination. He is Chief of the Integrated Ballistics Identification Section of the Bureau of Alcohol, Tobacco, Firearms, and Explosives' (ATF) Firearms Operations Division and has over 20 years' experience in this field. Jacobson CV, D.E. 103, Ex. D. The Government anticipates that Jacobson will testify as to whether certain firearms functioned properly and whether bullets, ammunition, casings, pieces of metal, or lead fragments can be identified as being fired from a particular firearm.

Defendant argues that Jacobson's "testimony does not qualify as 'scientific knowledge,' because the inference or assertion was not derived by the scientific method." D.E. 97, p. 2. Defendant further claims "the ballistic report cites no review nor publications regarding whether a shotgun shell could be traced to a shotgun by the firing pin alone," and "does not give a rate of error quotation which would establish that the shotgun owned by the Defendant fired at the residence on Cloverbloom." *Id.* p. 3. In response, the Government states there is no basis to subject Jacobson's testimony to a *Daubert* hearing because the field of firearms and toolmark identification has long been accepted by the relevant scientific community. *See United States v. Hicks*, 389 F.3d 514, 526 (5th Cir. 2004) ("[T]he matching of spent shell casings to the weapon that fired them has been a recognized method of ballistics testing in this circuit for decades"). Further, Jacobson will testify that the ATF Forensic Lab employs the theory and methodology of toolmark examination developed by the Association of Firearm & Toolmark Examiners

("AFTE"), which is the primary professional organization for all forensic toolmark examiners, and that he used the AFTE theory and methodology in this matter.

The Court finds that, by training and experience, Jacobson is qualified as an expert in the field of firearm and toolmark examination. Defendant's objections to Jacobson's methodology and the ballistic report go more to the weight that Jacobson's testimony should be given than to his qualification as an expert. Thus, Jacobson's testimony and his ballistics report should not be stricken, but should be considered and weighed accordingly by the jury.

### B. Eric Evers

ATF Special Agent Eric Evers is an expert witness in fire investigations. He has over 20 years of experience in fire investigations and has been a certified fire investigator with ATF since 2002. Evers CV, D.E. 103, Ex. F.

Defendant argues that SA Evers "relies upon a learned treatise which he did not follow the NFPA 921," and that his arson report does not "remotely follow[] the scientific method," "is not consistent with the NFPA 921," and "relies upon unspecified statements that he reviewed and which are not cited nor included in the arson." D.E. 97, pp. 2–3. Defendant further complains that there was "no attempt at models, etc. to determine if the Islamic Center Fire could have progressed in that matter alleged by Evers," and the "testimony of Evers is without foundation." *Id.* The Government responds that Evers' report cited the NFPA 921 Guide for Fire & Explosion Investigations 14th Ed. and cited the scientific method. Moreover, an expert is permitted to rely on other reliable expert testimony and other facts or data. FED. R. EVID. 703; *Harris Caprock Commc'ns, Inc. v. Trippe Mf'g Co.*, 2017 WL 496070, at *3 (S.D. Tex. Feb. 7, 2017). Regarding the lack of models, the fact that an expert did not replicate a fire does not mean the expert's testimony is unreliable. *See Westfield Ins.*, 2015 WL 3823656, at *4 (expert's opinion was the

"product of personal observation of the fire damage, including on-site examinations, the electrical system, potential ignition sources, and a laboratory examination of items collected from the fire scene, witness and investigator interviews," and "systematic elimination of other possible causes of the December 15, 2010 fire").

The Court finds that, by training and experience, SA Evers is qualified as an expert in the field of fire investigations. Defendant's objections to his methodology and the arson report go more to the weight that SA Evers' testimony should be given than to his qualification as an expert. Thus, SA Evers' testimony and his arson report should not be stricken, but should be considered and weighed accordingly by the jury.

### C. Andrew Masters

Federal Bureau of Investigations (FBI) Special Agent Andrew Masters is an expert witness on cell phone site analysis. He joined the FBI in 2011 and currently serves on the FBI Cellular Analysis Survey Team.

Defendant objects that SA Masters "provided a graph of the alleged cell phone location of the Defendant, but did not write any narrative notes of his means, manner and methods." D.E. 97, p. 3. In response, the Government states that SA Masters' final report clearly sets forth a narrative of the background, methodology, cell sites locations, and conclusions, followed by charts and diagrams indicating the cell tower activations for Defendant's phone. The Government further states that a hearing is unnecessary because Defendant fails to raise any particular or novel objections to historical cell site analysis. *See United States v. Porter*, 2016 WL 538456, at *3 (E.D. La. Feb. 10, 2016) ("The Court therefore finds that the historical cell site analysis at issue satisfies the *Daubert* reliability test. Furthermore, based on Special Agent Williams's training, experience, and the nature of his proffered testimony, the Court concludes

that a pretrial evidentiary hearing is not necessary to determine the reliability of [his] testimony"); *United States v. Gatson*, 2015 WL 5920931, at *3 (D.N.J. Oct. 9, 2015) (*Daubert* hearing unnecessary where defendant did not present novel challenge to cell site analysis).

The Court finds that, by training and experience, SA Masters is qualified as an expert in the field of cell site analysis. Defendant's objections to the graphs contained in SA Masters' cellular analysis report go more to the weight the report should be given than to SA Masters' qualification as an expert. Thus, SA Masters' testimony and his cellular analysis report should not be stricken, but should be considered and weighed accordingly by the jury.

**D. Emerald Nazareno**

Emerald Nazareno is an expert witness regarding an analysis of the fire debris samples collected from the mosque. She has been employed as Forensic Scientist/Laboratory Manager at the Forensic Arson Laboratory of the Texas State Fire Marshal's Office since 2009. Nazareno CV, D.E. 103, Ex. J. An export report was originally authored by a forensic scientist named Lance Nguyen, who previously worked at the Texas State Fire Marshal's Office. Nazareno, Nguyen's former supervisor, will testify about her opinion of the data generated by Nguyen.

Defendant objects to Nazareno's testimony regarding the conclusions of a report she did not author. The Government responds that Nazareno will not testify from Nguyen's report, but rather the underlying data reviewed by him.

The Court finds that, by training and experience, Nazareno is qualified as an expert in the field of fire debris analysis. Moreover, it is well settled that an expert witness can offer an expert opinion from data that another person has generated. *See United States v. Avants*, 367 F.3d 433, 447 (5th Cir. 2004); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1432 (5th Cir. 1989). Thus,

Nazareno's testimony and the data she reviewed should not be stricken, but should be considered and weighed accordingly by the jury.

### E. Tania Kapila

Tania Kapila has worked as a fingerprint specialist with ATF's Identification Section since 2009. Before that, she was a latent print examiner with the City of Scottsdale Police Department for four years. Kapila CV, D.E. 103, Ex. L.

Defendant did not raise any specific objections to Kapila beyond the boilerplate objections to the Government's entire expert witness list.

The Court finds that, by training and experience, Kapila is qualified as an expert in the field of fingerprint analysis. Thus, Kapila's testimony and her fingerprint report should not be stricken, but should be considered and weighed accordingly by the jury.

### F. Matthew Markovich

Matthew Markovich is an expert witness in digital forensics. He is currently employed as a Digital Investigative Analyst for the Civil Rights Division of the DOJ and was previously employed for four years as a Digital Forensic Examiner at the Texas Attorney General Office's Criminal Investigations Division. Markovich CV, D.E. 103, Ex. N.

Defendant did not raise any specific objections to Markovich beyond the boilerplate objections to the Government's entire expert witness list.

The Court finds that, by training and experience, Markovich is qualified as an expert in the field of digital forensics. Thus, Markovich's testimony and his digital forensics report should not be stricken, but should be considered and weighed accordingly by the jury.

7

### G. John Jermain

John Jermain is an expert witness concerning forensic chemistry. Jermain has over 10 years' experience in analyzing substances, including explosive evidence submitted by law enforcement agencies, as a forensic chemist with ATF. He has been published nearly a dozen times and given roughly 75 trainings in the field of explosives. Jermain CV, D.E. 103, Ex. P.

Defendant objects to Jermain because "[t]here is no testimony that the theory or technique can be tested or has been tested. . . . The expert who asserts that the fireworks were incendiary, John Jermain, made no attempt to establish that the device would functions [sic] as a bomb, or anything other than fireworks." D.E. 95, p 3. The Government responds that this assertion is incorrect—Jermain is not "assert[ing] that the fireworks were incendiary" and is not asserting that any device would "function as a bomb."

The Court finds that, by training and experience, Jermain is qualified as an expert in the field of forensic chemistry and explosives. Defendant's objections to Jermain's methodology go more to the weight that Jermain's testimony should be given than to his qualification as an expert. Thus, Jermain's testimony and his laboratory report should not be stricken, but should be considered and weighed accordingly by the jury.

### H. Alex Guerrero IV

Alex Guerrero IV is an expert witness concerning explosives. Guerrero has been an Explosives Enforcement Officer at ATF for nearly 20 years and has previously been classified as an expert in explosives and destructive devices in various federal district courts. Guerrero CV, D.E. 103, Ex. R.

Defendant did not raise any specific objections to Guerrero beyond his boilerplate objections to the Government's entire expert witness list.

8

The Court finds that, by training and experience, Guerrero is qualified as an expert in the field of explosives. Thus, Guerrero's testimony and his destructive device determination report should not be stricken, but should be considered and weighed accordingly by the jury.

**I. Thomas Pleasant**

Defendant objects to: "Accelerant Detecting Canine Team and handler, names unknown. Canine experts. Facts that the canine team was qualified to alert to fuels." D.E. 95, p. 1. "The experts' testimony is not sufficiently tied to the facts of the case that it will aid the jury or fact finder in resolving a factual dispute. For example, the finding that there was no fuel which caused the fire based upon canines, the Defendant cannot locate the trainer for the dogs, the defendant has no expert report for the dogs, nor their trainer, etc." *Id.*, p. 3.

The Government explains that because the fire debris samples tested negative for accelerants, and the forensic chemist was listed as an expert witness, the canine handler was not designated as an expert. However, out of an abundance of caution, the Government has now designated Deputy Thomas Pleasant, from the Texas State Fire Marshal's Office, as an expert witness. Pleasant has been employed as a fire investigator and canine instructor with the Texas State Fire Marshal's Office for more than 20 years. Before that, he worked as a canine officer for 10 years, first with the United States Air Force and then with the Boerne Police Department. He has undergone hundreds of hours of specialized training, given expert testimony in over a dozen criminal cases, taught several courses and lectures, and received numerous awards and certifications related to canine handling and fire investigation. D.E. 103, Ex. T, U.

The Court finds that, by training and experience, Pleasant is qualified as an expert in the field of canine handling and fire investigation. Thus, Pleasant's testimony and his investigative

report should not be stricken, but should be considered and weighed accordingly by the jury, should the Government decide to offer them into evidence.

**IV. Conclusion**

For the reasons stated herein, Defendant's construed motion to strike the Government's expert witnesses and their reports (D.E. 97) is **DENIED**.

It is so **ORDERED** this 26th day of June, 2018.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE